UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61999-RAR

**ALEXANDER YANES**,

    Plaintiff,

v.

**THE SWATCH GROUP (U.S.) INC.**,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Amended Motion to Dismiss Plaintiff's Complaint ("Motion"), [ECF No. 26], filed on March 10, 2023.

Plaintiff has not filed a Response to the Motion despite being afforded nearly two months to do so. Failure to respond to a motion can be sufficient cause to grant it by default. *See* S.D. FLA. L.R. 7.1(c)(1). The Court warned Plaintiff that failure to file a response in opposition to the Motion would result in the Motion being granted by default. Order Administratively Closing Case and Requiring Resp., [ECF No. 40], at 1. Accordingly, the Motion is **GRANTED** by default.

Additionally, Plaintiff's Florida Civil Rights Act ("FCRA") and Title VII claims in Counts I and II of the Complaint may be dismissed on the merits of the Motion. Plaintiff brings claims under Title VII and the FCRA for discrimination on the basis of race and national origin. *See* Compl., [ECF No. 1] ¶¶ 46–53. Plaintiffs asserting claims arising under Title VII and the FCRA must first file a charge with the Equal Employment Opportunity Commission ("EEOC"). *See Shedrick v. Dist. Bd. of Trs. of Miami-Dade Coll.*, 941 F. Supp. 2d 1348, 1365–66 (S.D. Fla. 2013). A subsequent judicial complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of*

*Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). A complaint is within this scope where it is "like or related to, or [grows] out of, the allegations contained in the EEOC charge." *Batson v. Salvation Army*, 897 F.3d 1320, 1328 (11th Cir. 2018) (alterations accepted) (quoting *Gregory*, 355 F.3d at 1280). This generally precludes plaintiffs from asserting different forms of discrimination in a judicial complaint than those asserted in an EEOC charge. *See, e.g.*, *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013) (affirming dismissal of disability discrimination claim where the plaintiff only mentioned sex and pregnancy discrimination in the EEOC charge).

Defendant has attached what is purportedly Plaintiff's EEOC charge to the Motion. *See* Charge of Discrimination, [ECF No. 26-2].[1] As Plaintiff did not respond to the Motion, he has defaulted on Defendant's claim that this is his EEOC charge. It is clear that Plaintiff's EEOC charge only mentioned discrimination on the basis of a disability. *See* Charge of Discrimination ("I believe I was discriminated against, due to my disability, in violation of the Americans with Disabilities Act . . . ."). Therefore, Plaintiff's FCRA and Title VII claims in Counts I and II, respectively, must be dismissed because they are outside the scope of the EEOC investigation that could reasonably be expected to grow out of his EEOC charge. The Court therefore does not reach Defendant's other arguments.

Finally, while Defendant has notably made no argument relating to Plaintiff's section 1981 claim in Count III, a "court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006). "[D]ismissal upon disregard of an order, especially where the litigant has

---

[1] The Court may consider Plaintiff's EEOC charge on a motion to dismiss because it is a document that is central to Plaintiff's claims. *See Giner v. AllStars Ins. Partners, Inc.*, No. 19-22434, 2019 WL 6130772, at *1 n.1 (S.D. Fla. Nov. 19, 2019).

been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). This Court initially ordered Plaintiff to file a Response to the Motion by April 24, 2023. Order Granting Mot. to Withdraw as Counsel, [ECF No. 29], at 2. The Court cautioned that "[f]ailure to comply with this Order may result in the entry of sanctions, including dismissal, without further notice." *Id.* The Court subsequently *sua sponte* extended Plaintiff's deadline to file a Response to May 5, 2023. Order Administratively Closing Case and Requiring Resp. at 1. The Court once again warned that failure to file a Response would result in dismissal. *Id.*

The Court recognizes Plaintiff might be partially barred from refiling his section 1981 claim as pleaded because section 1981 claims are subject to either a two- or four-year statute of limitations depending on the claim. *See Hithon v. Tyson Foods, Inc.*, 144 F. App'x 795, 798–99 (11th Cir. 2005) (discussing the different statutes of limitation applicable to a section 1981 claim). But Plaintiff appears to assert he was discriminated against in his terms and conditions of employment, Compl. ¶ 56, which are generally subject to the four-year statute of limitations. *Hithon*, 144 F. App'x at 798–99. And to the extent Plaintiff purports to bring a hostile work environment claim, a court may consider the "hostile work environment claim . . . in its entirety, so long as one of the events comprising it fell within the statute of limitations." *Shield v. Fort James Corp.*, 305 F.3d 1280, 1281–82 (11th Cir. 2002). Plaintiff's latest allegations are dated near the end of 2020 and 2021, and so Plaintiff's hostile work environment claim is still well within the statute of limitations, and the entirety of the conduct underlying this claim may be considered if the case is refiled. Compl. ¶¶ 39–41.

To the extent dismissal would preclude Plaintiff from reasserting a limited portion of his section 1981 claim, dismissal is nevertheless warranted. A court may dismiss a claim for failure to prosecute and comply with court orders in these circumstances "when (1) there is a clear record of delay or willful contempt and (2) a finding that lesser sanctions would not suffice." *Richardson*

*v. Beck*, No. 21-10874, 2022 WL 17336223, at *2 (11th Cir. Nov. 30, 2022) (internal quotation marks and citation omitted); *see also Levy v. NCL (Bahamas), Ltd.*, 686 F. App'x 667, 670 (11th Cir. 2017) (requiring "willful or contumacious conduct").  Plaintiff has now disregarded two orders over the course of two months and seemingly abandoned this case.  Therefore, there is a clear record of delay here, and because Plaintiff has failed to respond to every order of this Court requiring his response, the Court fails to see how a lesser sanction would suffice in these circumstances.  *See, e.g.*, *Eades v. Ala. Dep't of Hum. Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (affirming dismissal where the plaintiff "failed on multiple occasions to comply with the court-ordered deadlines").  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 26], is **GRANTED**.  Counts I and II of the Complaint are **DISMISSED** *with prejudice*.  Count III is **DISMISSED** *without prejudice* for failure to prosecute this case and comply with this Court's orders.  The Clerk is instructed to mark this case **CLOSED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**